FILED

December 22 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0351

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 437N

NorVal ELECTRIC COOPERATIVE, INC.

Plaintiff and Appellant,

v.

McCONE ELECTRIC COOPERATIVE, INC.,

Defendant, Appellee and Cross-Appellant.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DV 09-33
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Matthew W. Knierim, Katie S. Knierim; Christoffersen & Knierim,
Glasgow, Montana

For Appellee:

L. B. Cozzens; Cozzens Law Office, Billings, Montana
Gary L. Jackson; Attorney at Law, Sidney, Montana

Submitted on Briefs:  December 10, 2009

Decided:  December 22, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 TransCanada Keystone Pipeline proposes to build a crude oil pipeline from Alberta, Canada to refineries on the Texas coast, passing through parts of Montana. The pipeline will include periodic pumping stations, including Station 11 in McCone County, Montana. NorVal Electric and McCone Electric are both rural electric cooperatives that have been operating in the area to be crossed by the pipeline for over 50 years. TransCanada signed an agreement with McCone Electric Cooperative under which McCone was to study the best way to provide electrical service to Station 11.

¶3 In March, 2009, NorVal sued McCone in the Seventh Judicial District, McCone County, seeking an injunction and contending that under the Territorial Integrity Act, § 69-5-105, MCA, it had the exclusive right to provide the engineering study and to provide electric service to Station 11 (NorVal I). The District Court issued a TRO and Judge John McKeon conducted an evidentiary hearing in April, 2009. The District Court's order filed on April 13, 2009 found that the Territorial Integrity Act did not give NorVal the exclusive right to provide electrical service to Station 11. The order

2

dissolved the TRO and dismissed NorVal's complaint. McCone filed and served a notice of entry of judgment dated April 21, 2009. NorVal did not appeal.

¶4    In May, 2009, NorVal filed a second action against McCone, this time in the Seventeenth Judicial District Court, Valley County (NorVal II). As in NorVal I, NorVal's second complaint contended that it was entitled to the exclusive right to provide electric service to Station 11 under § 69-5-105, MCA. Judge McKeon issued a TRO against McCone, which moved to dissolve the TRO and to dismiss the second action based upon principles of claim and issue preclusion. The District Court held a second evidentiary hearing and in an order filed May 29, 2009 dissolved the TRO, dismissed the complaint, and again held, for different reasons, that NorVal was not entitled under the statute to the exclusive right to provide electrical service to Station 11. The District Court declined to rule on McCone's claim and issue preclusion arguments on the ground that they were moot because NorVal's complaint was decided on its merits.

¶5    Both parties appeal. NorVal appeals from the District Court's conclusion that it is not entitled to the exclusive right to provide electric service to Station 11, while McCone appeals from the District Court's failure to rule on the issues of claim preclusion and issue preclusion. This Court has determined that McCone is correct that the second action is barred by claim and issue preclusion. We therefore do not address the issue of whether NorVal had the exclusive right to provide electrical service to Station 11, and affirm the District Court's order dismissing the complaint.

¶6    The doctrines of res judicata and collateral estoppel provide a definite end to litigation and prohibit serial litigation of the same claim. *Baltrusch v. Baltrusch*, 2006

3

MT 51, ¶ 15, 331 Mont. 281, 130 P.3d. 1267. Res judicata bars re-litigation of a previously-litigated cause of action, *Baltrusch* ¶ 16, while collateral estoppel bars re-litigation of a previously-litigated issue, *McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817.

¶7     Whether we apply res judicata or collateral estoppel, it is clear that in NorVal I, NorVal litigated the issue of whether it had the exclusive right to provide electric service to Station 11. NorVal lost and moved its litigation efforts to a second county to re-litigate the same issue. The parties (NorVal and McCone) were the same in both actions; the subject matter (providing electric service to Station 11) was the same in both actions; the issue (whether NorVal had the exclusive right to provide service under § 69-5-105, MCA) was the same in both actions; and the parties were in the same capacity in reference to the subject matter and issue in both actions. There was nothing in NorVal II that was not raised and determined in NorVal I, or that could have been raised and determined in the NorVal I. The two cases were so intertwined that NorVal was precluded from suing McCone a second time. *McDaniel*, ¶ 33.

¶8     The District Court dismissed NorVal II, although not on claim preclusion grounds. Since dismissal was the proper result, we affirm for the reasons stated above.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

4

¶10    Affirmed.


                                    /S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER